THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOUSEF M. BILBEISI,<br><br>                    Plaintiff,<br><br>     v.<br><br>SAFEWAY INC.,<br><br>                    Defendant. | CASE NO. C22-0876-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to revise the state superior court order, for leave to amend, and to remand (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES in part and GRANTS in part the motion for the reasons explained herein.

I.     BACKGROUND

Plaintiff filed a discrimination a charge against Defendant with the Equal Opportunity Employment Commission ("EEOC") in 2018. (Dkt. No. 1-1 at 11–12.) In March 2020, the EEOC closed the file without taking action and issued a right to sue letter. (*Id.* at 13–14.) Plaintiff then filed a complaint *pro se* in King County Superior Court. (*Id.* at 2–10.) Defendant removed the case based on the Court's federal question jurisdiction. *Bilbeisi v. Safeway*, Case No. C20-0535-JCC, Dkt. No. 1 (W.D. Wash. 2020) ("*Bilbeisi* 1"). Plaintiff, still *pro se*, filed multiple motions to remand, arguing his claims were based entirely on state law. *Id.*, Dkt. Nos. 8,

9, 15. The Court denied the motions but granted Plaintiff the opportunity to file an amended complaint asserting only state law claims. *Id.*, Dkt. No. 23. Plaintiff filed an amended complaint, narrowing his claims and adding four new defendants. *Id.*, Dkt. No. 24. The Court instructed Plaintiff that he needed to obtain Defendant's consent or seek the Court's leave to add new defendants to his complaint. *Id.*, Dkt. No. 25. Plaintiff then filed motion for leave to amend, along with multiple additional motions to remand. *Id.*, Dkt. Nos. 26, 28, 33, 36. At this point, the Court concluded that Plaintiff was permitted to join Renato Millo, Plaintiff's former manager employed by Defendant, and remanded to the King County Superior Court because Mr. Millo's inclusion destroyed subject matter jurisdiction. *Id.*, Dkt. No. 49.

On remand, Plaintiff continued to represent himself *pro se*, until November 2021, when his current counsel entered a notice of appearance. (Dkt. No. 8 at 5.) In May 2022, Plaintiff filed a motion with the King County Superior Court for leave to file a second amended complaint seeking to add Mr. Millo as a defendant and to add various additional claims. (Dkt. No. 7-9 at 90–95.) That court denied the motion. (Dkt. No. 7-10 at 100–01.) Shortly thereafter, Defendant removed the case again to this Court based on diversity jurisdiction. (Dkt. No. 1.) Plaintiff then filed this motion, asking this Court to revise the superior court's order denying leave to amend, to grant leave to amend, and to remand the case.[1] (Dkt. No. 8.)

II.   **DISCUSSION**

    A.   **Motion to Revise Superior Court Order**

Plaintiff asks the Court to "revise" the superior court order denying his motion for leave to file his second amended complaint. (*Id.* at 11.) He argues that 28 U.S.C. § 1450 applies here. (Dkt. No. 8 at 12.) That section states, "[a]ll injunctions, orders, and other proceedings had in [a

---

[1] Plaintiff did not move for leave to file an over-length motion, despite the fact that his motion exceeds the page limit by two-and-a-half pages (excluding the caption and signature page). *See* LCR 7(e)(3) and (6). Defendant pointed this out on response, (*see* Dkt. No. 14 at 6), yet Plaintiff failed to address the issue on reply (*see generally* Dkt. No. 16). Thus, the Court will not consider any text in Plaintiff's motion beyond the twenty-four page limit.

removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. He then argues that Rule 54(b) allows the Court to revise any non-final order before entry of judgment. (Dkt. No. 8 at 12.) However, Rule 54(b) gives the power to revise orders or other decisions that "*adjudicate* fewer than all of the claims." Fed. R. Civ. P. 54(b) (emphasis added). Here, the superior court made no judgment; it simply denied a motion to amend the complaint.

Thus, to challenge the superior court ruling, Plaintiff would need to file a motion for reconsideration. *See* LCR 7(h). Such motions are generally disfavored absent a showing of manifest error or new facts or legal authority. *Id.* Generally, federal courts will treat everything that occurred in state court as if it had taken place in federal court. *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Under the local rules, motions for reconsideration should be filed within fourteen days after the order to which it relates is filed. Plaintiff failed to do so, and thus his motion to revise the state court order is DENIED.[2]

   **B.   Motion for Leave to File Second Amended Complaint**

Alternatively, Plaintiff asks the Court for leave to file his second amended complaint. (Dkt. No. 8 at 14.) He argues that, although the statute of limitations for all of these claims has expired, the claims relate back. (*Id.*) If the claims are not time-barred, then the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*, 655 F.3d 984,

---

[2] Plaintiff also argues that the superior court erred by failing to provide reasons for the denial of the motion. (Dkt. No. 8 at 12–13.) However, as the cases Plaintiff cite state, contemporaneous findings are unnecessary where the court finds amendment would be futile. *See, e.g.*, *Klamath-Lake Pharm. V. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, the superior court did not make findings, but based its order on Defendant's response which argued that each of Plaintiff's claims were futile either because the statute of limitation had passed or because the claims fail as a matter of law. (Dkt. No. 7-10 at 43–51.)

ORDER
C22-0876-JCC
PAGE - 3

1 | 995 (9th Cir. 2011).

2 |     Plaintiff asks to amend his complaint to add Mr. Millo as a defendant. In support, Plaintiff points to this Court's Order in *Bilbeisi* 1, Dkt. No. 49, where the Court permitted Plaintiff to join Mr. Millo, a diversity destroying plaintiff. (Dkt. No. 8 at 19.) However, in that Order, this Court only "permitted the joinder" of Mr. Millo. *Bilbeisi* 1, Dkt. No. 49 at 6. It was still Plaintiff's responsibility to join Mr. Millo as a defendant in a timely manner. And the statute of limitations has since expired for the claims against Mr. Millo.

    Plaintiff argues that he should nonetheless be allowed to amend the complaint to join Mr. Millo because the claims relate back, citing Rule 15(c). (Dkt. No. 8 at 21.) However, under that rule, the claim only relates back for a new party if that party "knew or should have known that the action would have been brought against it, but for *a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). The problem here was not that Plaintiff mistakenly named the wrong party as defendant, but that Plaintiff simply failed to join Mr. Millo altogether.

    The Court is sympathetic to the fact that Plaintiff started this lawsuit *pro se*, and that these are procedural issues that may present difficulty to a non-lawyer. But according to Plaintiff's own admission, the failure to join Mr. Millo was "the error of the Plaintiff *and later his counsel*." (Dkt. No. 8 at 21) (emphasis added). It is not sufficient that "Plaintiff believed he had complied with the rules," (*id.*), or that "[o]nce counsel appeared…he also overlooked the fact that the amended complaint had not been filed in state court" (Dkt. No. 16 at 2). Ignorance of procedural rules is not an excuse not to follow them. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001). Because the claims against Mr. Millo do not relate back, this amendment would be futile.

    Plaintiff also seeks leave to amend to add additional claims against Defendant. But because the statute of limitations has expired on each of these claims, Plaintiff will only be allowed to amend and add these claims if they arose out of the conduct, transaction, or

ORDER
C22-0876-JCC
PAGE - 4

occurrence set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

First, Plaintiff seeks add a claim of negligent infliction of emotional distress ("NIED"). (Dkt. No. 8 at 17.) However, Washington courts have held that a plaintiff cannot maintain a separate claim for NIED based on the same facts that that support a claim under the law against discrimination. *Francom v. Costco Wholesale Corp.*, 9991 P.2d 1182, 1192 (Wash. Ct. App. 2000). Any claims that relate back to the initial claim arise directly from the alleged discriminatory conduct by Defendant. Thus, this amendment would be futile.

Next, Plaintiff asks to add a claim of defamation. He argues that Mr. Millo made defamatory statements against him in a corrective action notice. (Dkt. No. 8 at 17.) This document was internal to Defendant. Although there is generally a qualified privilege for defamatory statements made by a corporate employee to another employee, that privilege may be lost by showing that that the defendant made the statement with actual malice. *Doe v. Gonzaga Univ.*, 24 P.3d 390, 398 (Wash. 2001), *rev'd on other grounds*, 536 U.S. 273 (2002). Actual malice exists if the statement is made with knowledge of falsity or with reckless disregard of its truth or falsity. *Herron v. KING Broad. Co.*, 746 P.2d 295, 301 (Wash. 1987). The scope of employment limits an employer's vicarious liability for its employee's torts. *Niece v. Elmview Grp. Home*, 929 P.2d 420, 426 (1997).

For the reasons stated above, Plaintiff cannot bring claims, such as this one, against Mr. Millo where the statute of limitations has expired. However, Plaintiff's defamation claim against Defendant is not necessarily futile. To succeed, Plaintiff would need to prove that Mr. Millo made false statements in the corrective action notice and that doing so was within the scope of his employment with Defendant. Plaintiff has not pled facts sufficient to support this claim. (*See generally* Dkt. No. 1-1.)  However, the Court cannot foreclose the possibility that Plaintiff could present facts that give merit to this claim. Moreover, Plaintiff does not appear to have omitted this claim out of bad faith, especially because he was *pro se* when he filed the initial complaint. Nor will Defendant be prejudiced by the addition of this claim as it arises out of the same

operative facts as the initial complaint. Accordingly, the Court will provide Plaintiff leave to amend his complaint to plead a defamation claim against Defendant, but not against Mr. Millo.

Finally, Plaintiff asks for leave to amend to add claims of assault, denial of public accommodations, and violation of Washington's Consumer Protection Act. These claims arise out of an incident in March 2019 where Plaintiff alleges Defendant's employees assaulted him and denied him access to the store. (Dkt. No. 8 at 18.) Plaintiff argues these events "were a continuation of the unchecked animosity toward the Plaintiff" and "could conceivably be motivated by the same discriminatory intent that drove these [] employees to harass [Plaintiff] in the first place" and therefore relate back. (*Id.* at 19.) However, Rule 15(c) only allows an amendment to relate back if it arises out of the same "conduct, transaction, or occurrence" as the claims set out in the initial complaint. These claims arise out of an entirely separate incident that happened well after the events from the initial complaint. Thus, it would be futile to permit amendment to add these claims.

Therefore, Plaintiff's motion for leave to file the second amended complaint is GRANTED in part and DENIED in part. Plaintiff may amend his complaint to add the claim of defamation solely against Defendant Safeway Inc. But it would be futile to permit amendment to add each of the other claims and thus the amendment must be limited to adding in the claim of defamation.

### C. Motion for Leave to File First Amended Complaint

Plaintiff alternatively asks for leave to file his first amended complaint.[3] (Dkt. No. 8 at 19–23.) This request is essentially the same as the one analyzed above, asking to add Mr. Millo as a defendant. Plaintiff asserts "he had litigated as if [Mr.] Millo had been properly joined" and argues that Defendants will not be prejudiced given that they had over a year to dismiss Mr.

---

[3] Plaintiff filed a second amended complaint, under the assumption that his first amended complaint had already been accepted. He now asks the Court to accept the first amended complaint as an alternative to the second amended complaint.

ORDER
C22-0876-JCC
PAGE - 6

Millo and failed to do so. (*Id.* at 22–23.) Plaintiff argues Defendant's assertion that Mr. Millo is not a party is made in bad faith, but that cannot be so given that Mr. Millo was never properly joined in the first place. (*Id.*)

Therefore, Plaintiff's request for leave to file the first amended complaint is DENIED.

### D. Motion to Remand

Finally, Plaintiff moves for remand, arguing Defendant cannot remove the case because more than one year has passed since the action commenced. (Dkt. No. 8 at 23.) Under 28 U.S.C. § 1446(c)(1), a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action unless the district court finds the plaintiff has acted in bad faith.

Plaintiff argues that he has diligently engaged Mr. Millo in discovery and that his failure to join Mr. Millo was "an honest mistake" "due to lack of experience." (Dkt. No. 16 at 9.) He also argues that his actions did not prevent Defendant from removing this case sooner. Defendant counters that it would be unfair for Plaintiff to claim ignorance of the rules as a reason for his failure to join Mr. Millo after the previous remand.[4] (Dkt. No. 14 at 12.) Defendant argues that Plaintiff's actions were in bad faith and intended to defeat removal.

This case does not necessarily rise to the level of the examples cited by Defendant, where Plaintiff intentionally refrained from serving a defendant or understated the amount in controversy to avoid removal. (*See* Dkt. No. 14 at 10.) Nonetheless, despite Plaintiff's declarations that he failed to add Mr. Millo because of his ignorance of the rules rather than bad faith, the fact remains that this case was only remanded in the first place after Plaintiff argued successfully before this Court that adding Mr. Millo as a defendant would destroy diversity

---

[4] Defendant also argues Plaintiff's prior actions were disingenuous to avoid jurisdiction. (Dkt. No. 14 at 11–12.) However, the plaintiff in a case is the "master of the complaint" and may adjust his claims to avoid federal jurisdiction. *Holmes Grp. V. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Accordingly, the Court will not view any mistakes that Plaintiff may have made while acting *pro se* as bad faith conduct.

ORDER
C22-0876-JCC
PAGE - 7

jurisdiction. Plaintiff had the opportunity to add Mr. Millo and failed to do so.[5] By not doing so, the Court FINDS Plaintiff acted in bad faith and concludes that removal was proper here. The motion to remand is DENIED.[6]

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to revise the superior court order, for leave to amend, and to remand (Dkt. No. 8) is GRANTED in part and DENIED in part.

It is so ORDERED that:

- Plaintiff's motion to revise the superior court order is DENIED.
- Plaintiff's motion for leave to amend is GRANTED in part and DENIED in part. Plaintiff may file an amended complaint solely for the purpose of adding the claim of defamation against Defendant Safeway Inc. within seven (7) days of this Order. He may make no other changes.
- Plaintiff's motion for remand is DENIED.

DATED this 3rd day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] Although the Court does not fault Plaintiff for his actions *pro se*, his counsel appeared and had the record before him. At that point, it should have been clear to Plaintiff's counsel that he should join Mr. Millo as a defendant.

[6] Plaintiff raises the issue of the amount in controversy for the first time in his reply brief. The Court does not need to consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Moreover, as Defendant notes, Plaintiff has been inconsistent in the amount of damages he seeks. (Dkt. No. 14 at 11.) If Plaintiff wishes the Court to consider this issue, he may file a separate motion addressing the matter.